# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM C. WILLIAMS, : | |
|      Petitioner, : | |
| : | |
| v. : | Civ. No. 11-7124 |
| : | |
| TABB BICKLE, et al., : | |
|      Defendants. : | |

## O R D E R

State prisoner William C. Williams seeks habeas relief. 28 U.S.C. § 2254. I will overrule Petitioner's objections *(Doc. No. 24)*, accept the Magistrate Judge's Report and Recommendation *(Doc. No. 21)*, and deny Williams' Petition.

**Background**

After a trial in the Philadelphia Common Pleas Court, a jury convicted Petitioner of third-degree murder, involuntary manslaughter, homicide by vehicle, causing an accident while not properly licensed, fleeing and attempting to elude a police officer, theft by receiving stolen property, and aggravated assault. The trial evidence showed that while attempting to evade police in a stolen Mercedes, Petitioner sped through numerous intersections, disregarding stop signs, and slammed into another car. Commonwealth v. Williams, No. 2484 EDA 2003, slip op. at 2-3 (Pa. Super. Ct. July 8, 2004). One passenger in that car was killed, the other seriously injured. Id.

The trial court sentenced Petitioner to twenty-two to forty-four years imprisonment. Id., at 3. The Pennsylvania Superior Court rejected Petitioner's direct appeal, and the Pennsylvania Supreme Court denied *allocatur*. Commonwealth v. Williams, 868 A.2d 1199 (Pa. 2005).

Petitioner unsuccessfully sought relief under Pennsylvania's Post Conviction Relief Act.

See 42 Pa. Cons. Stat. Ann. § 9541, et seq. The Superior Court affirmed. Commonwealth v. Williams, No. 2989 EDA 2009, slip op. at 3 (Pa. Super. Nov. 17, 2010).

Petitioner sought habeas relief in this Court on November 14, 2011, raising nine claims in his original Petition and later seeking to add five more. The Magistrate Judge recommends that I grant Petitioner leave to amend and deny the Petition. *(Doc. No. 21, 7.)*

**Objections to the Report & Recommendation**

Although his submissions are confusing and unclear, Petitioner apparently seeks to raise ten categories of objections to the Report and Recommendation. These categories include numerous objections within objections, many of which are simply restatements of unsuccessful arguments Petitioner made in the Pennsylvania appellate courts. Almost all Petitioner's objections are simply restatements of arguments that Petitioner made in his original Petition and that the Magistrate Judge rejected. I am nevertheless obliged to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

    1. Appellate Counsel's "Failure" to Raise Victim's Contributory Negligence

At trial, Petitioner sought unsuccessfully to convince the jury that the victim's contributory negligence caused the collision to occur. On direct appeal, Petitioner's counsel did not raise this contributory negligence defense. At PCRA, Petitioner argued unsuccessfully that his direct appeal counsel was ineffective for failing to raise the contributory negligence defense. As the Superior Court explained, because under Pennsylvania law contributory negligence is not a defense to the crimes with which Petitioner was charged, failure to raise the argument on direct appeal was not ineffective. See Commonwealth v. Long, 624 A.2d 200, 204 (Pa. Super. 1993).

The Magistrate Judge accepted the Superior Court's correct application of Pennsylvania

law. "The United States Supreme Court has repeatedly declared that, in a federal habeas proceeding such as this, 'state courts are the ultimate expositors of state law . . . and we are bound by their constructions except in rare circumstances.'" Humanik v. Beyer, 871 F.2d 432, 436 (3d Cir. 1989) (quoting Mullaney v. Wilbur, 421 U.S. 684, 691(1975)). Although Petitioner apparently objects to the Magistrate's deference, his reasoning is extremely unclear. The Magistrate Judge properly deferred to the Pennsylvania Court's application of Pennsylvania law—especially because that application was plainly correct. See id.

Petitioner also objects to the application of § 2254(d). He argues that the Pennsylvania Superior Court's decision was not an "adjudication on the merits" sufficient to trigger deference under AEDPA. *(Doc. No. 24, 7.)* I disagree. Petitioner's ineffectiveness claim was adjudicated on the merits by the Pennsylvania courts. See Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

    2. <u>Ineffective Assistance of Trial Counsel for Failing to Investigate Weight of Mercedes</u>

At trial, defense counsel did not challenge the Commonwealth's evidence respecting the weight of the stolen Mercedes Petitioner was driving. Petitioner alleges that had trial counsel conducted a proper investigation, he could have refuted the Commonwealth's evidence, and that the failure to discover this "exculpatory" evidence was ineffective.

Petitioner objects to the Magistrate Judge's treatment of this claim, arguing as follows:

> Firstly, this plaintiff humbly admits that he [i.e. Williams] misstated that The Superior Court of Pennsylvania didn't consider the fourth factor that being the post-damage of both vehicles in this auto accident. But this does not change the fact that The Pennsylvania Superior Court erred in holding that the weight of The Mercedes was the only inaccurate data used by The Commonwealth's accident reconstructionist. What this plaintiff was attempting to argue is if the Mercedes weighed one hundred and eighty pounds more than what the accident reconstructionist extrapolated then the post damage report must had also been inaccurate because a vehicle traveling the alleged speed couldn't have caused the reported post damage

that was calculated by the reconstructionist because a car weighing one
hundred and eighty pounds more would cause different damages.

*(Doc. No. 24, 8.)* It is difficult to ascertain how Petitioner believes the Magistrate Judge erred. Insofar as Petitioner contends that the Magistrate Judge erroneously accepted the Superior Court's rejection of his ineffectiveness claim, the objection is overruled. The Magistrate Judge properly declined to disturb the Superior Court's conclusion that Petitioner failed to qualify trial counsel's failure to raise the 180 pound purported discrepancy as a violation of Strickland. Strickland v. Washington, 466 U.S. 668 (1984).

Even if counsel's failure to investigate the car's weight was somehow deficient (which it was not), there is no reasonable probability that, but for the allegedly deficient performance, the result of the trial would have been different. Strickland, 466 U.S. at 687 (1984). Whether the car weighed 3,460 pounds or 3,640 pounds was of virtually no consequence, and other evidence of Petitioner's guilt was overwhelming.

3. Ineffective Assistance of Trial Counsel for Failing to Impeach Accident Reconstructionist Regarding Number of Passengers in Victim's Car

Petitioner apparently contends that his own trial counsel coerced the surviving victim of the crash, Mr. Andre, into changing his trial testimony with respect to the number of passengers in the car at the time of the collision. *(Doc. No. 24, 10.)* Petitioner objects that

> [t]he Magistrate Judge ignored the evidence that it was trial counsel who cross examined Mr. Andre at least four consecutive times after Mr. Andre Andre [sic] had on cross examination initially testified that there was three people in their vehicle at the time of this auto accident. This proves trial counsel coerced Mr. Andre to change his testimony from what he told the police officer Terence Lynch.

*(Doc. No. 24, 10.)*

The Magistrate Judge correctly found there is nothing in the record to suggest that trial counsel coerced Mr. Andre to change his testimony. Accordingly, I will overrule Petitioner's

objection.

Petitioner objects to the Magistrate Judge's conclusion that trial counsel's decision not to impeach the accident reconstructionist on the number of car passengers was a reasonable litigation strategy. Petitioner contends that trial counsel failed to "mak[e] sure the Commonwealth's case is put to the adversial [sic] process." *(Doc. No. 24, 10.)* I agree with the Magistrate Judge that in making a strategic decision as to this witness, trial counsel did not "entirely fail[] to subject the prosecution's case to meaningful adversarial testing." United States v. Cronic, 466 U.S. 648, 659 (1984). I will thus overrule Petitioner's objection.

Finally, Petitioner objects that the Magistrate Judge improperly "used evidence from this trial that went to proving [Petitioner's] innocence or guilt and used it to reject this ineffectiveness claim." *(Doc. No. 24, 10-11.)* Strickland's prejudice prong <u>requires</u> such analysis. Accordingly, Petitioner's objection will be overruled.

4. <u>Ineffective Assistance of Trial Counsel for Failing to Object to Lay Testimony Concerning the Speed of the Mercedes</u>

Petitioner objects to the deference the Magistrate Judge gave to the Pennsylvania Superior Court's finding that the second requirement for the admissibility of lay testimony was met. Shaffer v. Torrens, 58 A.2d 439 (Pa. 1948); *(Doc. No. 24, 12.)* The Magistrate correctly deferred to the state court's conclusion on this question of state law that such evidence was admissible. Mullaney, 421 U.S. at 691. Counsel was not ineffective for failing to make a futile objection. Keller v. Larkins, 251 F.3d 408, 419 (3d Cir. 2001). The objection will be overruled.

Petitioner also objects to the Magistrate Judge's alternative conclusion that Strickland's prejudice prong was not satisfied. I agree with the Magistrate Judge that had the lay opinion testimony been excluded, there was no reasonable probability that the outcome of the trial would have been different. There was abundant evidence as to the speed of the Mercedes, and

overwhelming evidence of Petitioner's guilt.  Thus, the objection will be overruled.

   5. <u>Trial Counsel's Decision to Elicit Evidence about Victim's Injuries</u>

Trial counsel had evidence that Mr. Andre was involved in an auto accident about one week before the collision caused by Petitioner.  Trial counsel used this evidence to cross-examine the victim in an attempt to establish an alternative cause for his injuries.  Trial counsel also believed it would be less damaging if he elicited testimony of the victim's injuries before the Commonwealth introduced the victim's medical records (as the prosecutor promised in his opening statement). Because both strategies were reasonable, I will overrule Petitioner's objection to the Magistrate Judge's refusal to conclude that trial counsel acted imprudently.

   6. <u>Ineffective Assistance of Trial Counsel for Failing to Object to "Serious Bodily Injury" Instruction</u>

I agree with the Magistrate Judge that because the Superior Court found the trial court's instructions proper, any objection would have been futile.  <u>See</u> <u>Keller,</u> 251 F.3d at 419.  In the alternative, I conclude that even if the "serious bodily injury" instruction was somehow incorrect, it would not have "so infected the entire trial that the resulting conviction violates due process."  <u>Henderson v. Kibbe</u>, 431 U.S. 145, 154 (1977).

   7. <u>Appellate Counsel's Failure to Challenge the Trial Court's Limitation of Andre's Cross-Examination Regarding Intent to File Civil Suit</u>

Petitioner objects to the Magistrate Judge's failure to deem appellate counsel ineffective for failing to raise this issue on direct appeal.  Having reviewed the question of prejudice <u>de novo</u>, however, I agree with the Magistrate Judge that <u>Strickland</u>'s performance prong was not breached.  Because the Superior Court concluded that under Pennsylvania law the trial judge acted well within his discretion in limiting the scope of cross-examination, any assertion of error on appeal would have been fruitless.  <u>See Keller,</u> 251 F.3d at 419.  Thus, Petitioner's objection is overruled.

8. Appellate Counsel's Failure to Assert Error Based on Trial Court's Refusal to Instruct the Jury on Victim's Contributory Negligence

Petitioner objects to the Magistrate's conclusion (in agreement with the PCRA court) that the trial judge properly instructed the jury regarding causation. Because I agree that the instructions were correct, appellate counsel's failure to raise the issue was not ineffective. See Keller, 251 F.3d at 419.

9. Petitioner's Request for Discovery

Petitioner objects to the Magistrate Judge's recommendation that I deny his request for discovery. I agree with the Magistrate Judge that Petitioner has failed to demonstrate that the proposed discovery is pertinent or that his request is supported by good cause. Williams v. Beard, 637 F.3d 195, 209 (3d Cir. 2011), cert. denied, No. 11–7882, 2012 WL 2470112 (June 29, 2012).

10. Petitioner's Request for an Evidentiary Hearing

Petitioner seeks an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2). The Magistrate Judge concluded that an evidentiary hearing would be pointless because Petitioner failed to identify any potentially helpful facts that an evidentiary hearing would be likely to reveal. I agree.

Petitioner seeks an evidentiary hearing to "prove" various facts (such as the victim's purported contributory negligence) that the state courts have already deemed legally insufficient or simply nonexistent. "[H]abeas corpus is not to be used as a second criminal trial, and federal courts are not to run roughshod over the considered findings and judgments of the state courts that conducted the original trial and heard the initial appeals." Williams v. Taylor, 529 U.S. 362, 383 (2000). Accordingly, I overrule Petitioner's objections.

**AND NOW**, this 12th day of December, 2012, upon consideration of the instant petition for a writ of habeas corpus, it is hereby **ORDERED** as follows:

1. Petitioner's objections to the Report and Recommendation *(Doc. No. 24)* are **OVERRULED**;
2. The Report and Recommendation *(Doc. No. 21)* is **APPROVED** and **ADOPTED**;
3. Petitioner's request for discovery *(Doc. No. 1)* is **DENIED**;
4. The Petition for a writ of habeas corpus *(Doc. No. 1)* is **DENIED**;
5. Petitioner's request for an evidentiary hearing *(Doc. No. 1)* is **DENIED**;
6. Petitioner's Motion to Amend *(Doc. No. 7)* is **GRANTED**;
7. Petitioner's request for a stay and abeyance *(Doc. No. 7)* is **DENIED**;
8. Petitioner's request for a Certificate of Appealability is **DENIED**.
9. The Clerk shall mark this case **CLOSED** for statistical purposes.

                                             **AND IT IS SO ORDERED.**

                                             */s/ Paul S. Diamond*
                                             _____
                                             Paul S. Diamond, J.